Albert A. Alteri, Esq. Corporation Counsel, Utica
You have asked whether under certain circumstances members of the Utica Parking Authority have conflicts of interests.
The Utica Parking Authority is a public benefit corporation created under State law consisting of four non-permanent members who are not public officials and who are appointed by the mayor, and five City of Utica officials: the corporation counsel, city engineer, executive director of urban renewal, majority leader of the common council, and the minority leader of the common council. Thus, five of the nine members of the Authority's board by law are public officials (Public Authorities Law, § 1590-c). Also, the corporation counsel and the city engineer are members of the city's board of estimate and apportionment.
The enabling legislation for the Authority provides for substantial interaction between the city and the Authority. The Authority is authorized, with the consent of the mayor and common council, to use employees and facilities of the city (id., § 1590-d[6]). The city, by resolution of the common council may convey to the Authority, with or without consideration, real and personal property (id., § 1590-f[1]). The city may acquire by gift, purchase or eminent domain real property for the improvement of streets or for any other project to promote an Authority parking facility (id., § 1590-f[2]). Contracts are authorized between the city and the Authority providing for the conveyance of such property by the city to the Authority (id., § 1590 f[3]). Funds of the Authority are paid to the treasurer of the city as the Authority's agent (id., § 1590-h).
You have indicated that two parking lots owned by the city are operated and managed by the parking authority. The contract for operation and management provides that the Authority receives the profits and is responsible for general maintenance, while the city is responsible for structural repairs.
Your initial question is whether conflicts of interests might occur in that city officials also serve as members of the parking authority's board. As an example, you indicate that there may be a difference of opinion concerning the need for structural repairs which may require that the corporation counsel review the contract with respect to the city's legal obligations while also serving as a member of the Authority's board. Also, you note that the board of estimate and apportionment must approve funding and indebtedness that may relate to a contract between the city and the Authority. The corporation counsel and the city engineer are Authority board members and members of the board of estimate and apportionment. Additionally, the enabling legislation for the Authority envisions contracts between the Authority's board and the common council.
Under normal circumstances, a person may not serve as a member of two boards where the boards have substantial contacts with one another. Here there are contracts and other legal relationships between the Authority's board and the common council and the board of estimate and apportionment. The State Legislature, however, has specifically provided that five public officials of the City of Utica are to serve as members of the Authority's board. In that the board has a total of nine members, participation by at least some of the city officials is necessary in order to meet quorum requirements. Thus, it seems clear that the Legislature envisioned a close relationship between the city and the Authority involving overlapping responsibilities and dual officeholding. We note that at least some potential conflicts can be eliminated by removing the corporation counsel and the city engineer from the board of estimate and apportionment. This can be accomplished through a local law amending the city charter.
Second, you ask whether the Authority may employ the corporation counsel to undertake its legal work. The statute authorizes the Authority, with the consent of the mayor and common council, to use employees of the city (id., § 1590-d[6]). This provision, however, does not by its terms serve as authority for use of any employees of the city. In our view, this provision does not overcome incompatibility of office. We believe the employment of the corporation counsel in this capacity would result in incompatibility of office. As a member of the Authority's board, the corporation counsel would be his own boss. One position would be subordinate to the other. Moreover, the corporation counsel, as a member of the Authority's board, would make policy which could create the appearance that he is unable to provide unbiased legal advice concerning proposals in which he has an interest. Additionally, the corporation counsel would be serving as the chief legal officer of the Authority and of the city. In view of the many contacts requiring legal assistance between the city and the Authority, it is unwise for a person to serve in both capacities.
We conclude that the corporation counsel of the City of Utica may not also serve as the counsel to the Utica Parking Authority. The service of five public officials of the City of Utica on the Utica Parking Authority's board has been specifically authorized by the State Legislature and, therefore, creates no conflicts of interests.